**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| **DAVID CANN, on behalf of herself and others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**LOOKOUT WAFFLES, LLC d/b/a WAFFLE HOUSE, Domestic Limited Liability Company,**<br><br>**Defendant.** | **CIVIL ACTION FILE NO:**<br><br>**FAIR LABOR STANDARDS ACT ACTION** |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff DAVID CANN (hereinafter "Plaintiff"), on behalf of himself and others similarly situated (collectively "Plaintiffs"), by and through the undersigned counsel hereby files this Complaint against LOOKOUT WAFFLES, LLC d/b/a WAFFLE HOUSE, Domestic Limited Liability Company (hereinafter "Defendant"), and alleges as follows:

## INTRODUCTION

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and

general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant minimum wage, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every employee who was subject to the Defendant's tip credit pay scheme within the past three (3) years.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA and 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred within the jurisdiction of this Court.

## PARTIES

5. Plaintiff David Cann ("Cann"), resides in this District and is a former employee of Defendant, having been employed by Defendant from approximately November 2024 to February 2025.

6. Plaintiffs are/were employees of Defendant within the meaning of the FLSA.

7. Plaintiffs are all current or former servers who worked at Defendant's restaurant, located at 2310 Hwy 411 NE, Cartersville, GA 30120 at any time starting three (3) years before this Complaint was filed, up to the present.

8. Defendant Lookout Waffles, LLC d/b/a Waffle House, is a Domestic Limited Liability Company with its principal place of business and principal office address located at 620 Cherokee Blvd, Suite 100, Chattanooga, TN, 37405. At all times material hereto (2023-2026), Defendant is/was an "employer" or "joint employer" of Plaintiffs as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Defendant may be served by and through its registered agent, Bradley Chase Rierson, 162 West Main Street, Suite 101, Cartersville, GA, 30120.

9. Defendant may be served under Rule 4 of the Federal Rules of Civil Procedure.

## COVERAGE

10. At all material times during the last three years (2023-2026), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

11. At all material times during the last three years (2023-2026), Defendant was an employer as defined by 29 U.S.C. § 203(d).

12. At all material times during the last three years (2023-2026), Defendant has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

13. At all material times during the last three years (2023-2026), Defendant has had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

14. At all material times during the last three years (2023-2026), Defendant has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation products from out of state vendors.

15. At all material times during the last three years (2023-2026), Defendant has had two or more employees who used the telephone and/or computers to place

and accept business calls with out of state vendors on a daily basis in the normal course of its business.

16. Additionally, Plaintiff was an employee of Defendant and was, at all times relevant to this action (2023-2026), individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as she was required to communicate with out of state customers and accept payment from customers using credit cards issued by out of state financial institutions on a daily basis.

17. At all times relevant to this action, Defendant regularly exercised the authority to hire and fire employees.

18. At all times relevant to this action, Defendant determined the work schedules for the employees.

19. At all times relevant to this action, Defendant controlled the finances and operations.

20. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated, are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

21. During the three years prior to the filing of this Complaint, Defendant owned and operated a restaurant located in Cartersville, Georgia.

22. Waffle House is a restaurant that offers food and drinks.

23. Defendant employs several servers, hosts, bussers, and runners.

24. Plaintiff Cann worked for the Defendant as a server from approximately November 2024 through February 2025.

25. Defendant paid Plaintiff and its other servers pursuant to an alleged "tip credit" arrangement which allows it to pay tipped employees below minimum wage, plus tips.

26. Accordingly, and during this time, Plaintiff was compensated at an hourly rate of $2.13 per hour for his work as a server.

27. However, during this time, Defendant allowed non tipped employees to take a share of the tip pool.

28. Indeed, during his employment with Defendant, Plaintiff was required to tip-out approximately 50% of his tips each shift, to various non tipped employees including cooks.

29. After complaining several times to Defendant's management about these tip pool violations, on February 2025, Plaintiff was terminated from his employment with Defendant because of his complaints.

30. At all relevant times, Plaintiff has not been subject to any exemption from the minimum wage pay requirements of the FLSA.

31. At no time during his employment with Defendant was Plaintiff compensated on a salary basis.

32. Throughout Plaintiff's employment with Defendant, Defendant did not provide notice of an intent to Plaintiff to pay its servers by the tip credit method, pursuant to the provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

33. Throughout Plaintiff's employment with Defendant, Defendant required Plaintiff and other tipped employees had to share their tips with "back of house" employees such as and cooks.

34. Defendant was aware it was illegal for servers to share tips with back of house employees.

35. Defendant owned, operated, and managed Waffle House and were all involved in the day-to-day operations.

36. At all relevant times, Defendant were not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage obligations.

37. In each workweek during the relevant time period, Defendant failed to compensate Plaintiff at or above the federal minimum wage of $7.25 per hour for each hour worked.

38. Defendant has employed and is currently employing other individuals such as Plaintiff who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

39. On multiple occasions, Plaintiff and the class members complained to Defendant regarding Defendant's policy not to properly compensate its servers, as well as Defendant's tip-out practices.

40. In response, Defendant retaliated against Plaintiff by terminating his employment.

41. In response, upon information and belief, Defendants retaliated against the class members through, for instance, suspension(s), adjustment in work schedule(s), and/or termination of employment.

42. Defendants' failure and/or refusal to properly compensate Plaintiff and the class members at the rates and amounts required by the FLSA were willful.

43. Defendants' retaliatory conduct against Plaintiff and the class members for complaining about Defendants' pay practices was willful.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff and the class members performed the same or similar job duties as one another in that they provided restaurant services for Defendant.

45. Plaintiff and the class members were required to tip back of house employees each shift in violation of the FLSA's requirement that minimum wages be paid "free and clear."

46. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working without receiving proper compensation in the form of a free and clear minimum wage.

47. Defendant's common policy violations have caused Plaintiff and the class members to receive less than minimum wage for all hours worked.

48. Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

49. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of federally mandated minimum wages to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All service employees subject to Defendants' minimum wage violations, who worked at Defendants' restaurant within the last three years**

50. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members at a rate of at least the statutorily prescribed minimum wage.

51. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §

201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

52. During the relevant period, Defendant violated § 7(a)(1), § 15(a)(2) and § 203(m), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at the statutorily prescribed minimum wage within a work week during one or more weeks.

53. Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

54. Plaintiffs and others similarly situated (the "FLSA Collective Action Members"), are individuals who are current and former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

55. Questions that are common among the FLSA Collective Action Members include, but are not limited to:

a. whether Defendants have, and continue to, unlawfully refuse to pay their servers proper compensation, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*., for all work performed;

b. whether Defendants' failure to pay such proper compensation is willful within the meaning of the FLSA.

56. There are numerous similarly situated current and former servers employed by Defendant in venue(s) owned and/or operated by Defendant, LOOKOUT WAFFLES, LLC d/b/a WAFFLE HOUSE, Domestic Limited Liability Company, who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable by Defendant's records.

57. Each of the named Plaintiffs consented to sue in this action pursuant to the FLSA, 29 U.S.C. § 216(b). Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action.

58. Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this collective action against Defendant under the FLSA, 29 U.S.C. §§ 201, *et seq*. for failure to pay minimum wage, and for retaliation in violation of the FLSA.

## CAUSES OF ACTION

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA, 29 U.S.C. §§ 206 AND 215
**(By Plaintiffs Individually and on Behalf of the Collective Against Defendant)**

59. Plaintiffs hereby incorporate paragraphs 1-58 above by reference as if fully set forth fully herein.

60. Plaintiffs are/were entitled to be paid minimum wage for each hour worked during their employment with Defendant.

61. Plaintiffs have demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate Plaintiffs for the same as a result of the facts asserted in ¶¶ 21-91.

62. As a result of Defendant's actions in this regard, Plaintiffs have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant, because they did not receive the statutorily prescribed minimum wage as a result of Defendant's improper tip out requirements.

63. Defendant willfully failed to pay Plaintiffs the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was well aware of the minimum wage law requirements but continued its violations.

64. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

65. Defendant is unable to demonstrate good faith compliance with the FLSA as Defendant knew or reasonably should have known of their obligations to pay Plaintiffs at least the federal minimum wage for each hour worked. In fact, upon information and belief, Defendant continued to violate the FLSA long after it learned that its compensation policies were illegal.

66. As a result of Defendant's willful underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with the FLSA, 29 U.S.C. § 216(b).

67. Defendant violated the record keeping requirements of the FLSA.

68. As a result of its underpayment of minimum wages as alleged above, Defendant is severally liable to Plaintiffs for their litigation costs, including their reasonable attorneys' fees, in accordance with the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## RETALIATION IN VIOLATION OF THE FLSA 29 U.S.C. § 215(a)(3)
**(By Plaintiffs Individually and on Behalf of the Collective Against Defendant)**

69. Plaintiffs hereby incorporate paragraphs 1-58 above by reference as if fully set forth fully herein.

70. During their employment with Defendant, Plaintiffs made complaints to Defendant that they were not being paid a proper wage and expressed their desire to be paid the same.

71. Plaintiff complained multiple times about Defendant's tip-out practices.

72. Defendants failed to address Plaintiff's complaints.

73. Instead, Defendant terminated Plaintiff.

74. In response, upon information and belief, Defendant retaliated against the class members through, for instance, suspension(s), adjustment in work schedule(s), and/or termination of employment

75. Defendant has discriminated and retaliated against Plaintiffs because they complained about Defendant's unlawful pay and employment practices in violation of 29 U.S.C. §215(a)(3).

76. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have been damaged.

77. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

78. As a result, Plaintiffs seek a judgment against Defendant for violation of 29 U.S.C. § 215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant relief as follows:

a. Award Plaintiffs an amount to be determined at trial against Defendants for unpaid minimum wages, including unlawful deductions due under the FLSA;

b. Award Plaintiffs liquidated damages against Defendants in the same amount as their unpaid minimum wages;

c. Award Plaintiffs prejudgment interest on all amounts owed;

d. Conditional certification of this case as a collective action under the FLSA;

e. Award Plaintiffs their reasonable attorneys' fees and costs of litigation under the FLSA; and

f. Award any and such other relief this Court deems just, equitable and proper.

Dated this 30th day of June, 2026.

Respectfully submitted,

***/s/ Jordan P. Rose, Esq.***

Jordan P. Rose, Esq.
GA Bar No. 851471
Anthony J. Hall, Esq.
GA Bar No. 318028
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789

Telephone: (407) 574-4999
Facsimile: (321) 594-7316
Email: jrose@theleachfirm.com
Email: ahall@theleachfirm.com
Email: yhernandez@theleachfirm.com
***Attorneys for Plaintiff***

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Demand is hereby made for trial by jury on all issues raised by these pleadings.

***/s/ Jordan P. Rose*****______**
Jordan P. Rose, Esq.